61 F.3d 899
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
AMERICAN STATES INSURANCE COMPANY, Plaintiff-Appellee,
v.
ENTERPRISER LIGHTING, INCORPORATED, Defendant-Appellant,
and
VIRGINIA FIRST SAVINGS BANK, F.S.B.; OSRAM SYLVANIA,
INCORPORATED; MYSTIQUE FRAGRANCE CORPORATION;
CYNTHIA RASNER, Parties in Interest.
 No. 94-2112.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 9, 1995.
Decided: July 26, 1995.
 
 ARGUED: Kenneth Francis Hardt, G. Rodney Sager, Rod Sager & Associates, Richmond, VA, for Appellant. James Curie Skilling, Cherry, Seymour & Skilling, Richmond, VA, for Appellee. ON BRIEF: Henry S. Carter, Wm. Tyler Shands, Heidi E. Henderson, Shaffer & Cabell, Richmond, VA, for Appellee.
 Before WILKINSON, NIEMEYER, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Enterpriser Lighting, Inc. appeals the district court's grant of summary judgment to appellee American States Insurance Company ("ASIC") on the ground that Enterpriser failed to cooperate as required by the terms of its insurance policy, and thus properly was denied coverage for losses sustained in a warehouse fire. We affirm.
 
 I.
 
 2
 In December, 1992 Enterpriser entered a contract with ASIC for property insurance in the amount of $10,000 to secure personal property in a warehouse that Enterpriser leased in Richmond, Virginia. The amount of insurance protection was increased to approximately $1 million in July, 1993. On September 18, 1993, a fire virtually destroyed the warehouse. The insurance contract between Enterpriser and ASIC required that, in the event of loss or damage, the insured cooperate by, inter alia, providing relevant documents, permitting inspection of the property in question and pertinent records, and submitting to examinations under oath.
 
 
 3
 ASIC's investigator concluded that accelerants had been used in the fire, and thus ASIC sought to recover documents, inspect books, and question employees of Enterpriser to further investigate the cause of the fire and make its coverage determination. The inquiry provoked a series of heated disputes between the parties, and ASIC eventually sought a declaratory judgment that it was not obligated to provide coverage under the policy because Enterpriser had breached its contractual duty to cooperate in the investigation. Enterpriser denied the allegations and brought a counterclaim of breach of contract and bad faith denial of coverage.
 
 
 4
 The district court granted ASIC's motion for summary judgment, finding that Enterpriser failed to cooperate in the investigation; it also dismissed Enterpriser's counterclaim.
 
 II.
 
 5
 The district court determined that under the undisputed facts ASIC had a sufficient basis to conduct an investigation of the origin and extent of inventory lost as a result of the fire. The court found that Enterpriser failed to cooperate when it refused to turn over relevant documents and its employees declined to answer questions pertinent to the inquiry. Enterpriser's actions frustrated ASIC's attempt to determine the amount of inventory present in the warehouse at the time of the fire and to explore the financial condition of Enterpriser, which was relevant to a motive for arson. Specifically, Enterpriser failed to produce the most basic information to establish the existence of light bulbs that were reportedly lost in the fire.
 
 
 6
 Based on the record below, the district court granted ASIC's summary judgment motion, concluding: "There can be no doubt that the Defendant failed to cooperate as required by the ASIC policy." Because the court found that ASIC had a reasonable basis for conducting its investigation and denying coverage, it dismissed the counterclaim of bad faith and breach of contract.
 
 
 7
 The district court properly granted the summary judgment motion in favor of ASIC. We affirm for the reasons stated by the district court in its careful opinion.
 
 AFFIRMED